UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RICHARD L. MITCHELL,<br><br>Plaintiff,<br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMEN.,<br>Defendant. | Case No. 2:18-cv-00646-RFB-GWF<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1), filed on April 10, 2018.

## **BACKGROUND**

Plaintiff's complaint alleges that Defendant Las Vegas Metropolitan Police Department and Defendant John Doe, a police officer, violated his Fourth Amendment rights. He alleges that he was accused of committing robbery and was surrounded by police officers outside of a gas station while he was holding a baseball bat. He further alleges that he was shot by a non-lethal bean bag gun three times. After being shot by the bean bag gun, he swung his bat breaking a window. Plaintiff alleges that a police officer then shot him in the leg with a firearm.

## **DISCUSSION**

**I.  Application to Proceed *in Forma Pauperis***

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

. . .

. . .

1

**II.     Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court shall liberally construe a complaint by a pro se litigant. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 2007). This is especially important for civil rights complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, a liberal construction may not be used to supply an essential element of the claim absent from the complaint. *Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. See *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P.

8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id*. at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

## III. Instant Complaint

42 U.S.C. § 1983 creates a path for the private enforcement of substantive rights created by the Constitution and Federal Statutes. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989). To the extent that Plaintiff is seeking to state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). A person acts under "color of law" if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49.

### a. Municipal Entity Liability Under § 1983 – *Monell* Claim

Section 1983 suits against local governments alleging constitutional rights violations by government officials cannot rely solely on respondeat superior liability. *See Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). A plaintiff can bring a § 1983 action against a local government entity if the plaintiff can show that the entity had an established policy or custom that caused employees who implemented the policy or custom to violate the constitutional rights of others. *Monell*, 436 U.S. at 690–92; *see also, Van Ort v. Estate of Stanewich*, 92 F. 3d 831 (9th Cir. 1996). However, absent such a policy or custom, a local government entity cannot be held liable solely because one of its employees commits an unlawful wrong against another. *Id.* at 691. In other words, under *Monell*, when a

municipal policy of some nature is the "driving force" behind an unconstitutional action taken by municipal employees, the municipality will be liable. *Id.* Additionally, a plaintiff must allege that he suffered a specific injury as a result of a defendant's conduct and an affirmative link between the injury and the violation of his rights. *Id.* at 658.

Here, Plaintiff names the Las Vegas Metropolitan Police Department as the defendant in his complaint. Plaintiff alleges that Defendant violated his fourth amendment rights. He does not, however, clearly identify a specific injury or deprivation of a federally protected right that he suffered as a result of Defendant's conduct. In other words, Plaintiff must demonstrate an affirmative link between a specific injury or wrongful conduct and the violation of his rights. Further, Plaintiff does not demonstrate what policy or custom LVMPD implemented that was the driving force behind the alleged wrongful conduct. To the extent that Plaintiff intends to bring a § 1983 claim against LVMPD, the Court dismisses such claim without prejudice, and will give Plaintiff leave to amend his complaint to state sufficient facts to state a claim, if he is able to do so.

      **b.**      **"Doe" Defendant**

As a general rule, pleading a fictitious or doe defendant to identify a defendant is not favored in federal court. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). However, there are situations in which the identity of the alleged defendants are not known prior to the filing of a complaint. *Id.* In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *Id.*

Plaintiff alleges that he is suing the Doe police officer in his official and individual capacities. He, however, has not demonstrated that any constitutional violations occurred as a result of an official policy or custom. *Monell*, 436 U.S. at 690. Therefore, the Court will dismiss the § 1983 claim against Defendant John Doe in his official capacity, without prejudice. The Court will allow Plaintiff leave to amend his complaint to state sufficient facts to state a claim, if he is able to do so.

Plaintiff lists "John Doe" as a Defendant within the text of his complaint and states that he is a police officer. *See Complaint* (ECF No. 1-1), 2. He includes unclear allegations regarding several officers such that the Court in unable to discern what actions are attributable to the Doe Defendant. Further, Plaintiff does not allege any affirmative link or connection between a defendant's actions and the claimed deprivation to have liability under 42 U.S.C. § 1983. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto,* 633 F.2d 164, 167 (9th Cir.1980); *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir.1978). Plaintiff must allege enough facts to establish the defendant's personal involvement in some constitutional deprivation or a causal connection between the defendant's wrongful conduct and the constitutional deprivation. The Court, therefore, will dismiss the § 1983 claim against Defendant Doe in his individual capacity, without prejudice. The Court, however, will allow Plaintiff leave to amend his complaint to state sufficient facts to state a claim. Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkeiewicz v. Sorema N.A.,* 534 U.S. 506, 514 (2002); Fed.R.Civ.P. 8.

If Plaintiff elects to proceed in this action by filing an amended complaint, he is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Valdez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011)*; see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff is advised that litigation will not commence upon the filing of an amended complaint. Rather, the Court will need to conduct an additional screening of the amended complaint pursuant to 28 U.S.C. § 1915(e). If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (inmate #1209011), in the months that the account exceeds $10.00, until the full $400 (which includes the $350 filing fee and $50 administrative fee) filing fees have been paid for this action. The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office. The Clerk shall also send a copy of this Order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint be **dismissed** without prejudice with leave to amend. Plaintiff shall have until **February 22, 2019** to file an amended complaint correcting the noted deficiencies.

Dated this 24th day of January, 2019.

GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE