UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHARD L. MITCHELL,<br><br>            Plaintiff,<br><br>     v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>            Defendants. | Case No.: 2:18-cv-00646-RFB-EJY<br><br>**ORDER<br>and<br>REPORT AND RECOMMENDATION**<br><br>**Re: Plaintiff's Amended Complaint<br>(ECF No. 18)** |

Presently before the Court are Plaintiff's Amended Complaint (ECF No. 18) and *Ex Parte* Motion for Appointment of Counsel. ECF No. 19.

**I.     Background**

On January 24, 2019, Judge George Foley, Jr. (Ret.) granted Plaintiff's Application for Leave to Proceed *in forma pauperis* (ECF No. 1) and dismissed Plaintiff's Complaint (ECF No. 1-1) without prejudice with leave to amend because Plaintiff failed to allege sufficient facts to state claims against Defendants Las Vegas Metropolitan Police Department (the "LVMPD") and one John Doe LVMPD Officer. ECF No. 4. After a series of requests for extensions that were granted by the Court, Plaintiff was given until June 17, 2019 to file an amended complaint. ECF Nos. 7, 10, 14.

Plaintiff failed to file an amended complaint by the deadline set by the Court leading the Court to enter an order to show cause why this matter should not be dismissed. ECF No. 15. Plaintiff was warned that a "[f]ailure to timely respond to this Order to Show Cause [the "OSC"] shall result in a recommendation to the district judge that this case be dismissed." Plaintiff failed to timely respond to the Court's OSC, and instead filed the present Amended Complaint fourteen months later on October 23, 2020. ECF No. 18. Despite grounds to recommend dismissal, the undersigned screens Plaintiff's Amended Complaint and makes the following recommendations.

**I.     PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff's Amended Complaint alleges the following facts. On December 8, 2017, two LVMPD Officers (the "LVMPD Officers" or "Officers"), identified as "Stephen" and "Garcia,"

1

pulled in behind Plaintiff's vehicle while he was sitting in his car at a Terrible Herbst gas station. *Id*. at 1, 3. These Officers allegedly "accosted" him for crimes supposedly committed earlier that day. *Id*. at 3. Plaintiff stepped out of his vehicle with a baseball bat and asked the Officers "what[] the problem" was. *Id*. (internal alterations omitted). Plaintiff alleges that Officer Stephen, without responding to Plaintiff's question, shot and struck Plaintiff's left hand with bean bags four times. *Id*. at 4 (internal alterations omitted). Officer Garcia is alleged to have then shot Plaintiff with "live ammo" four times, hitting Plaintiff once in the right leg.[1] *Id*. (internal alterations omitted). Plaintiff was arrested as indicated in the arrest reports of the incident. *Id*. at 5 (internal alterations omitted).

Plaintiff maintains Officers Stephen and Garcia should have handled his arrest differently as Plaintiff was "intoxicated" and "on the verge of a mental breakdown." *Id*. at 4 (internal alterations omitted). Plaintiff insists he posed no threat as he was "at least twenty to thirty feet away" from the Officers "at all times." *Id*. at 6 (internal alterations omitted). Plaintiff also claims he was using the baseball bat as a "hood-prop," not as a weapon, and that he "never threatened anyone." *Id*. at 4, 6 (internal alterations omitted).

Plaintiff brings this Section 1983 action against the State of Nevada, the LVMPD, and Officers Stephen and Garcia in their individual and official capacities for arresting him with excessive force in violation of his Eighth Amendment right against cruel and unusual punishment and his Fourteenth Amendment right to equal protection under the law. *Id*. at 2, 4-6. Plaintiff seeks compensatory and punitive damages. *Id*. at 8.

**II.   DISCUSSION**

    **A.   The Court recommends dismissing Plaintiff's Section 1983 claims against the State of Nevada with prejudice as amendment is futile.**

The Eleventh Amendment bars citizens from suing a state. U.S. CONST. amend. XI. The United States Supreme Court holds that 42 U.S.C. § 1983 does not constitute an abrogation of a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 338-40 (1979). Absent waiver, a state is not subject to suit under Section 1983. *Id*.; *see also Alabama v. Pugh*, 438 U.S.

---

[1] Plaintiff suggests Officer Garcia shot him with "deliberate intention to murder" as there was a propane tank behind Plaintiff that could have exploded if struck. ECF No. 18 at 4 (internal alteration omitted).

2

781, 782 (1978). The State of Nevada has declined to waive its immunity to suit under the Eleventh Amendment. NRS 41.031(3). As Plaintiff's Section 1983 claims against the State of Nevada fail as a matter of law, the Court recommends these claims be dismissed with prejudice. *Peck v. Nev.*, Case No. 2:18-cv-00237-APG-VCF, 2018 WL 3312977, at *3 (D. Nev. July 5, 2018).

    **B.**    **The Court recommends dismissing Plaintiff's Section 1983 claims against the LVMPD without prejudice, with leave to amend.**

A plaintiff seeking to hold a municipal defendant liable for constitutional violations under Section 1983 cannot do so under a respondeat superior theory; instead, the plaintiff must allege that his constitutional rights were violated pursuant to the defendant's custom, practice, or policy. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91 (1978); *see also Shah v. Cnty. of Los Angeles*, 797 F.2d 743, 747 (9th Cir. 1986) (providing that claims for municipal liability under Section 1983 can be "based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice.") (internal citation omitted). This requires "a direct causal link between a municipal policy or custom and the alleged constitutional violation." *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1075 (9th Cir. 2016) (internal citation omitted) (en banc).

Plaintiff's Section 1983 claims against the LVMPD fails because he does not allege his constitutional rights were violated pursuant to the LVMPD's custom, practice, or policy. Plaintiff instead alleges the LVMPD should be held liable for the Officers' failure to preserve "adequate body camera footage of the excessive force shooting." ECF No. 18 at 5. However, Section 1983 imposes liability upon a municipality for constitutional deprivations resulting from actions taken "*pursuant to governmental custom*," as opposed to an individual employee's purported failure to comply with said custom. *Monell*, 436 U.S. at 691 (internal quotation marks omitted) (emphasis added). Plaintiff also does not allege any widespread failure on the part of LVMPD Officers to preserve body camera footage of shootings during arrests. *Bd. of Cnty. Com'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404 (1997) (internal citation and quotation marks omitted).

Therefore, Plaintiff fails to state Section 1983 claims against the LVMPD. However, amendment of these claims is not necessarily futile. Thus, the Court recommends Plaintiff's Section

1983 claims against the LVMPD be dismissed without prejudice with one final opportunity to amend. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

      **C.**    **The Court recommends dismissing with prejudice Plaintiff's claims for money damages against the LVMPD Officers in their official capacities because amendment is futile.**

Plaintiff names the LVMPD Officers as defendants in their official and individual capacities. ECF No. 18 at 2. However, the Eleventh Amendment "bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, *i.e.*, money damages, rather than prospective, *e.g.*, an injunction." *Bair v. Krug*, 853 F.2d 672, 675 (9th Cir. 1988) (internal citations omitted). Thus, Plaintiff's Section 1983 claims for money damages against the LVMPD Officers in their official capacities fail as a matter of law. *N. Nev. Ass'n of Injured Workers v. Nev. State Indus. Ins. Sys.*, 807 P.2d 728, 732 (Nev. 1991). For this reason, the Court recommends dismissing as futile and, therefore, with prejudice, all of Plaintiff's claims seeking money damages for past harms allegedly caused by Defendants Stephen and Garcia in their official capacities. *Festa v. Sandoval*, Case No. 2:17-cv-00850-APG-NJK, 2020 WL 2114358, at *5 (D. Nev. May 4, 2020).

      **D.**    **The Court recommends allowing Plaintiff leave to amend his Eighth Amendment claim, which the Court analyzes under the Fourteenth Amendment, against Officer Stephen and orders the Fourth Amendment claim against Officer Garcia to proceed.**

Government officials do not enjoy sovereign immunity under the Eleventh Amendment as individuals and, therefore, money damages may be recovered from such officials if they are sued in their personal capacities. *Ruley v. Nev. Bd. of Prison Com'rs*, 628 F.Supp. 108, 110 (D. Nev. 1986). Here, Plaintiff sues LVMPD Officers Stephen and Garcia in their individual capacities for money damages allegedly arising from excessive force associated with his arrest in violation of his Eighth Amendment right against cruel and unusual punishment. ECF No. 18 at 2, 4-6. "Courts analyze claims that law enforcement officers have used excessive force in the course of an arrest under the Fourth Amendment to the United States Constitution," not under the Eighth Amendment. *Neal-Lomax v. Las Vegas Metropolitan Police Dept.*, 574 F.Supp.2d 1170, 1184 (D. Nev. 2008), *citing Smith v. City of Hemet*, 394 F.3d 689, 700 (9th Cir. 2005); *see also Graham v. Connor*, 490 U.S.

386, 395 (1989). Liberally construed, Plaintiff's Eighth Amendment claim is therefore analyzed as a Fourth Amendment claim against the Officers for alleged use of excessive force at the time of Plaintiff's arrest. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

> 1. *The Court recommends granting Plaintiff leave to amend to replead his Fourth Amendment excessive force claim against Officer Stephen.*

The Fourth Amendment guarantees a citizen's right to be free from "unreasonable searches and seizures." U.S. CONST. amend. IV. The "reasonableness" of a particular seizure, including an arrest of a person, "depends not only on *when* it is made, but also on *how* it is carried out." *Graham*, 490 U.S. at 395 (internal citations omitted). The relevant inquiry is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Id*. at 397.

In determining the reasonableness of a seizure effected by force, a court must balance the "nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests at stake." *Miller v. Clark Cnty.*, 340 F.3d 959, 964 (9th Cir. 2003) (internal citation and quotation marks omitted). Courts evaluate the strength of the government's interest in using force—deadly or otherwise—by examining three nonexclusive "*Graham* factors": (1) "whether the suspect poses an immediate threat to the safety of the officers or others," (2) "the severity of the crime at issue," and (3) "whether he is actively resisting arrest or attempting to evade arrest by flight." *Glenn v. Wash. Cnty.*, 673 F.3d 864, 872 (9th Cir. 2011). The "most important" factor in assessing the reasonableness of a seizure is whether the individual posed an immediate threat to the safety of the officers or others. *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010) (internal citation and quotation marks omitted) ("*Bryan*"). These factors are not exclusive; rather, courts "examine the totality of the circumstances and consider whatever specific factors may be appropriate in a particular case." *Id*. (internal citation and quotation marks omitted). For example, the "quantum of force" used to arrest a suspect may constitute such a relevant factor. *Luchtel v. Hagemann*, 623 F.3d 975, 980 (9th Cir. 2010). With respect to bean bag guns specifically, the Ninth Circuit states that "[a]lthough bean bag guns are not designed to cause serious injury or death, a bean bag gun is considered a 'less-lethal' weapon, as opposed to a non-lethal weapon, because the bean bags can cause serious injury or death if they hit a relatively sensitive area of the

body, such as the eyes, throat, temple, or groin." *Glenn*, 673 F.3d at 871 (internal brackets and quotation marks omitted). Given the bean bag gun's capabilities, "[s]uch force, though less than deadly, . . . is permissible only when a strong governmental interest compels the employment of such force." *Id*. at 872 (internal citation omitted).

Plaintiff does not allege sufficient facts to state a Fourth Amendment excessive force claim against Officer Stephen. Plaintiff's allegation indicates he was not actively resisting arrest or attempting to evade arrest by flight when the Officers arrived on scene, which undermines the government's interest in using less-lethal force. *Glenn*, 673 F.3d at 872. Plaintiff also contends he was "on the verge of a mental breakdown" at the time of arrest. ECF No. 18 at 4. This allegation is important because the governmental interest in deploying even "intermediate levels of force" is diminished when an officer is confronted by an "emotionally disturbed individual." *Bryan*, 630 F.3d at 829. However, the most important factor the Court must consider, that of immediate threats to officer and public safety, weighs against Plaintiff.

Plaintiff concedes he "immediately stepped out of his car with [a] baseball bat" when the Officers pulled in behind his vehicle. ECF No. 18 at 3. Plaintiff alleges he was using the bat as a "hood-prop," and that he did not threaten the Officers with the bat. *Id*. at 4, 6. Plaintiff further alleges he was "at least twenty to thirty feet away" from both Officers "at all times." *Id*. at 6 (internal alterations omitted). Nonetheless, a reasonable officer could have objectively perceived Plaintiff's exit of the vehicle, bat in tow, as an immediate threat to the safety of the officer or others. The Ninth Circuit in *Bryan* stated that an "*unarmed*, stationary individual, *facing away from an officer* at a distance of fifteen to twenty-five feet is far from an 'immediate threat' to that officer." 630 F.3d at 827 (emphases added). Of course, the present factual circumstances are distinguishable from those in *Bryan* because Plaintiff admits he exited his vehicle holding a bat, faced the Officers, and asked them what their "problem" was. ECF No. 18 at 3.

The quantum of force deployed in the case at bar is also considered as Plaintiff alleges Officer Stephen's four bean bag rounds left Plaintiff with a "scar[] on [his] left hand." *Id*. at 5. In *Deorle v. Rutherford*, the Ninth Circuit found that shooting a suspect in the face with a bean bag from thirty feet away violated his constitutional right to be free from unreasonable seizures where the bean bag

6

knocked the suspect off his feet, destroyed one of his eyes, and left a lead shot in his skull. 272 F.3d 1272, 1279-80 (9th Cir. 2001).

Finally, Plaintiff contends he committed "no crime," but provides no information about the "alleged crimes" the Officers were investigating. ECF No. 18 at 3-4. The lack of detail concerning Plaintiff's alleged crime(s) prevents the Court from assessing whether the "government's need for intrusion [on Plaintiff's Fourth Amendment interests] was constitutionally reasonable." *Miller*, 340 F.3d at 964 (internal citations omitted); *Glenn*, 673 F.3d at 872 (one of the factors used to evaluate the strength of the government's interest in the force deployed is the "severity of the crime at issue").

Under the totality of the circumstances, the Court finds Plaintiff fails to state a Fourth Amendment excessive force claim against Officer Stephen. Because amendment of this claim is not necessarily futile, the Court recommends Plaintiff's Fourth Amendment excessive force claim against Defendant Stephen be dismissed without prejudice, with leave to amend. *Cato*, 70 F.3d at 1106.

2. *Plaintiff sufficiently states a Fourth Amendment excessive force claim against Officer Garcia.*

The use of deadly force is unequivocally a "seizure" within the meaning of the Fourth Amendment. *Tennessee v. Garner*, 471 U.S. 1, 7 (1985). As discussed above, when "determining whether an officer's use of force was reasonable, the court must consider the circumstances from the perspective of a [objectively] reasonable officer at the scene of the incident." *Perrin v. Gentner*, 177 F.Supp.2d 1115, 1118 (D. Nev. 2001) (internal citation omitted). With respect to deadly force, a police officer may "not shoot to kill unless, at a minimum, the suspect presents an immediate threat to the officer or others, or is fleeing and his escape will result in a serious threat of injury to persons." *Id*. at 1118-19 (internal citation omitted). Except if impracticable, an officer must issue a warning before using deadly force. *Jensen v. City of Oxnard*, 145 F.3d 1078, 1086 (9th Cir. 1998). Further, the Ninth Circuit confirms that an officer must use reasonable, non-deadly alternatives for apprehending a suspect when such an alternative is available. *Brower v. Cnty. of Inyo*, 884 F.2d 1316, 1318 (9th Cir. 1989).

Plaintiff sufficiently alleges a Fourth Amendment excessive force claim against Officer Garcia. It is true that an objectively reasonable officer in Officer Garcia's position may have believed Plaintiff presented an immediate threat by stepping out of his car holding a baseball bat; however, there is nothing to suggest Officer Garcia gave a warning before deploying deadly force or that it was impracticable to do so. *Jensen*, 145 F.3d at 1086. Moreover, even if Officer Garcia gave an appropriate warning, his deployment of deadly force may have still been unreasonable because Plaintiff contends that Officer Stephen just shot Plaintiff four times with bean bags. It is arguable that a reasonable officer in Officer Garcia's position would be aware of a reasonable, less-lethal alternative (the bean bags) available to apprehend Plaintiff. *Brower*, 884 F.2d at 1318. Plaintiff's alleged distance of twenty to thirty feet away from the Officers, as well as his disturbed emotional state, further potentially diminishes the reasonableness of Officer Garcia's decision to deploy deadly force. *Hopkins v. Andaya*, 958 F.2d 881, 886 (9th Cir. 1992) (the "car length" of distance between the officer and his attacker weighed against the reasonableness of deadly force); *Bryan*, 630 F.3d at 829 (the governmental interest in using deadly force is diminished when an officer is confronted with an "emotionally disturbed individual"). In addition, not only is there no indication to suggest Plaintiff was evading arrest when the Officers arrived on the scene, but Plaintiff alleges that he was "knock[ed] . . . onto [the] floor" after being shot by Officer Garcia. ECF No. 18 at 2. In sum, the totality of the circumstances of Plaintiff's arrest question demonstrate that Plaintiff states a colorable Fourth Amendment excessive force claim against Officer Garcia. This claim shall proceed as pleaded in the Amended Complaint.

  **E.**   **The Court recommends dismissing Plaintiff's Fourteenth Amendment equal protection claim against the LVMPD Officers in their individual capacities without prejudice with leave to amend.**

To state a claim for violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must demonstrate that a defendant acted with an intent or purpose to discriminate against him based on his membership in a protected class.[2] *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th

---

[2] A "claim for substantive due process violations arising under the Fourteenth Amendment would be inappropriate where the Fourth Amendment is applicable," as here, "but claims arising under the Fourteenth Amendment for violations of . . . equal protection are not foreclosed." *Belch v. Las Vegas Metro. Police Dept.*, Case No. 2:10-cv-00201-GMN-LRL, 2011 WL 1070175, at *3 (D. Nev. Mar. 21, 2011) (internal citations omitted).

Cir. 1998). "Intentional discrimination means that a defendant acted at least in part *because* of a plaintiff's protected status." *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994) (internal citation omitted) (emphasis in original).

Plaintiff conclusively alleges the Officers violated his Fourteenth Amendment equal protection rights (ECF No. 18 at 4-6), but he does not identify a membership in any protected class or allege any facts to suggest that these Defendants "acted with an intent or purpose to discriminate." *Barren*, 152 F.3d at 1194. Even if liberally construed, Plaintiff's conclusory allegations of official participation in civil rights violations are insufficient to state a Section 1983 claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

Plaintiff therefore fails to state an equal protection claim against Defendants Stephen and Garcia. As this claim may be saved by amendment, the Court recommends dismissing Plaintiff's Fourteenth Amendment equal protection claims with leave to amend. *Cato*, 70 F.3d at 1106.

    **F.**    **Plaintiff's Motion for Appointment of Counsel (ECF No. 19) is denied without prejudice.**

A *pro se* litigant does not have a constitutional right to appointed counsel upon filing a 42 U.S.C. § 1983 civil rights claim. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Rather, when considering the potential appointment of counsel for a *pro se* plaintiff, the Court must consider whether there are "exceptional circumstances" warranting such an appointment. 28 U.S.C. § 1915(e)(1); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The Ninth Circuit employs a two-prong test to determine whether "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). The Court must evaluate the "likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. "Neither of these factors is dispositive and both must be viewed together before reaching a decision on [a] request [for] counsel." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Plaintiff "alleges that the issues in this case are complex and that petitioner is unable to adequately present [his] claims without the assistance of counsel." ECF No. 19 at 2. Applying the *Terrell* test, it is true Plaintiff may ultimately prevail on his Fourth Amendment excessive force

claim against Officer Garcia.  However, even if the Court were to assume this case is legally complex based on Plaintiff's conclusory allegation, the lack of adequate legal knowledge is not an exceptional circumstance warranting the appointment of counsel.  *Zamaro v. Moonga*, 656 Fed.App'x 297, 299 (9th Cir. 2016) (finding a district court did not abuse its discretion in declining to request counsel for a plaintiff who contended he lacked adequate knowledge of "complex legal . . . issues" in part because his "situation was not exceptional in light of the legal competence of most prisoners in similar situations") (unpublished).  In addition, Plaintiff has had no problem articulating his claims, no matter how delayed his filings may have been.

Having presented no exceptional circumstance warranting court-appointed counsel, Plaintiff's Motion for Appointment of Counsel (ECF No. 19) is therefore denied without prejudice.

### III.     ORDER

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Fourth Amendment excessive force claim against LVMPD Officer Garcia shall proceed as stated in his Amended Complaint.

IT IS FURTHER ORDERED that the Clerk of the Court shall issue summonses to Defendant Garcia and deliver **one copy of the Amended Complaint (ECF No. 18) together with one copy of this Order and Report and Recommendation** to the U.S. Marshal for service.

IT IS FURTHER ORDERED that the Clerk of the Court **shall mail** one copy of the USM-285 form to Plaintiff within **five (5) court days of the date of this Order**.

IT IS FURTHER ORDERED that Plaintiff shall have **twenty (20) court days from the date he receives the USM-285 form** in which to return the completed forms to the U.S. Marshal.  The completed USM-285 form may be mailed to:

> Gary G. Schofield
> U.S. Marshal, District of Nevada
> Lloyd D. George Federal Courthouse
> 333 Las Vegas Boulevard S., Suite 2058
> Las Vegas, NV 89101

IT IS FURTHER ORDERED that within **twenty (20) court days** after receiving the completed USM-285 form, the U.S. Marshal shall attempt service on Defendant Garcia.

IT IS FURTHER ORDERED that within **twenty (20) court days** after Plaintiff receives a copy of the USM-285 form from the U.S. Marshal that shows whether service was accomplished, Plaintiff must file a notice with the Court identifying whether Defendant Garcia was served.  If Plaintiff wishes to have service attempted again on an unserved defendant, Plaintiff must file a motion with the Court identifying the unserved defendant and providing more detailed information regarding the unserved defendant's name and/or address, or whether service should be attempted in some other manner.  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within **ninety (90) court days** from the date this Order and Report and Recommendation is entered.

IT IS FURTHER ORDERED that Plaintiff shall serve upon Defendant Garcia, or, if appearance has been entered by an attorney for this Defendant, his attorney(s), a copy of every pleading, motion, or other document submitted to the Court for consideration.  Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendant Garcia or attorney(s) for Defendant Garcia.  The Court may disregard any document received by a District Judge or Magistrate Judge which has not been filed with the Clerk of the Court, and any document received by a District Judge, Magistrate Judge, or the Clerk of the Court which fails to include a certificate of service.

IT IS FURTHER ORDERED that Plaintiff's *Ex Parte* Motion for Appointment of Counsel (ECF No. 19) is DENIED without prejudice.

## IV.     RECOMMENDATION

IT IS HEREBY RECOMMENDED that Plaintiff's claims against the State of Nevada, claims for money damages against LVMPD Officers Stephen and Garcia in their official capacities be DISMISSED with prejudice as amendment would be futile.

IT IS FURTHER RECOMMENDED that Plaintiff's claims against the Las Vegas Metropolitan Police Department, Fourth Amendment excessive force claim against LVMPD Officer Stephen, and Fourteenth Amendment equal protection claims against LVMPD Officers Stephen and Garcia in their individual capacities be DISMISSED without prejudice, with leave to amend.

IT IS FURTHER RECOMMENDED that Plaintiff be given **one, and only one, final opportunity** to file a second amended complaint correcting the above deficiencies within **thirty (30) court days** from the date this Report and Recommendation is accepted and adopted, with the following admonishment: Plaintiff is advised that if he files a second amended complaint, his Amended Complaint no longer serves any function in this case. As such, the second amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's second amended complaint complete.

IT IS FURTHER RECOMMENDED that if Plaintiff fails to comply with this recommendation, the Court shall recommended this case be dismissed with prejudice.

DATED THIS 13th day of January, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).