UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHARD L. MITCHELL,<br><br>Plaintiff,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>Defendants. | Case No.: 2:18-cv-00646-RFB-EJY<br><br>**ORDER<br>and<br>REPORT AND RECOMMENDATION**<br><br>**Re: Plaintiff's Second Amended Complaint**[1]<br>**(ECF No. 22)** |

Presently before the Court is Plaintiff's Second Amended Complaint. ECF No. 22.

## I.   BACKGROUND

On January 24, 2019, Judge George Foley, Jr. (Ret.) granted Plaintiff's Application for Leave to Proceed *in forma pauperis* (ECF No. 1) and dismissed Plaintiff's Complaint (ECF No. 1-1) without prejudice with leave to amend because Plaintiff failed to allege sufficient facts to state claims against Defendants Las Vegas Metropolitan Police Department (the "LVMPD") and one John Doe LVMPD Officer. ECF No. 4. After a series of requests for extensions granted by the Court, Plaintiff's deadline for filing an amended complaint was set as June 17, 2019. ECF Nos. 7, 10, 14.

Plaintiff failed to file an amended complaint by this deadline leading the Court to enter an Order to Show Cause ("OSC") why this matter should not be dismissed. ECF No. 15. Plaintiff was warned that a "[f]ailure to timely respond to" the OSC would result in a recommendation that his case be dismissed. *Id*. at 1. Plaintiff failed to timely respond to the Court's OSC, but fourteen months later filed his First Amended Complaint. ECF No. 18. Despite grounds to recommend dismissal, the Court screened Plaintiff's First Amended Complaint on January 13, 2021. ECF No. 20.

---

[1]  Plaintiff captioned this filing as his "1st Amended Complaint." ECF No. 22. However, this is Plaintiff's Second Amended Complaint. *See* the Court's Order and Report and Recommendation on Plaintiff's First Amended Complaint. ECF No. 20.

In his First Amended Complaint, Plaintiff brought a Section 1983 action against the State of Nevada, the LVMPD, and LVMPD Officers Stephen and Garcia (collectively, the "LVMPD Officers" or "Officers") in their individual and official capacities for a violation of equal protection under the Fourteenth Amendment and use of excessive force in violation of the Eighth Amendment. ECF No. 18 at 2, 4-6.  The Court entered an order that allowed Plaintiff's Eighth Amendment claim construed as a Fourth Amendment excessive force claim against Officer Garcia in his individual capacity to proceed.  ECF No. 20 at 10.  The Court also recommended Plaintiff's (1) claims against the State of Nevada and claims for money damages against the Officers in their official capacities be dismissed with prejudice because amendment would be futile, and (2) Plaintiff's Section 1983 claims against the LVMPD, Fourth Amendment excessive force claim against Officer Stephen in his individual capacity, and Fourteenth Amendment equal protection claims against the Officers in their individual capacities be dismissed without prejudice with leave to amend.  *Id*. at 11.  The Court further recommended that Plaintiff be given one final opportunity to file a second amended complaint correcting the identified deficiencies.  *Id*. at 12 (internal alterations omitted).  Before the Court ruled on the Report and Recommendation (*id*.), Plaintiff filed the instant Second Amended Complaint.  ECF No. 22.

II.     **PLAINTIFF'S SECOND AMENDED COMPLAINT**

Plaintiff's Second Amended Complaint alleges that on December 8, 2017, Plaintiff "stepp[ed] out of his car holding a baseball bat" when the LVMPD Officers arrived on the scene. *Id*. at 19 (internal alterations omitted).  Plaintiff purportedly asked the Officers a question, to which Officer Stephen is alleged not to have responded and instead shot and struck Plaintiff's left hand four times with bean bags.  *Id*. (internal alterations omitted).  Plaintiff claims these bean bag shots "paralyzed" him and "render[ed his] hands and arms useless." *Id*. at 11 (internal alterations omitted). Officer Garcia is alleged to have then fired live ammunition four times at Plaintiff's right leg.  *Id*. at 13 (internal alterations omitted).  After these events, Plaintiff says he was arrested by the Officers. *Id*. at 8.  Plaintiff contends that the Officers shot him with the "clear intent to kill him." *Id*. at 13 (internal alterations and quotation marks omitted).

Plaintiff maintains the Officers should have handled his arrest differently as Plaintiff was intoxicated, "on the verge of a mental breakdown," and coming off a "ten … day [binge] on crack cocain[e]." *Id*. at 10, 14 (internal alterations and quotation marks omitted). Plaintiff insists he posed no threat as he was "at least twenty to thirty feet away from both Officers at all times." *Id*. at 11 (internal alterations omitted). Plaintiff claims he was not using the baseball bat as a weapon, but as a "hood-prop for [his] car that was overheating … due to a bad water pump and … hood shocks." *Id*. at 14. Plaintiff concludes that he never threatened the Officers. *Id*. (internal alterations omitted).

Plaintiff asserts Section 1983 claims against the LVMPD and LVMPD Officers in their individual capacities for arresting him using excessive force in violation of his Fourth Amendment, his Eighth Amendment right against cruel and unusual punishment, and his Fourteenth Amendment right to equal protection under the law. *Id*. at 8-27. Plaintiff also brings intentional infliction of emotional distress ("IIED") and negligent infliction of emotional distress ("NIED") claims against the Officers under Nevada law. *Id*. at 5-6. Plaintiff seeks money damages. *Id*. at 30-31.

### III. DISCUSSION

#### A. The Court recommends dismissing Plaintiff's Section 1983 claim against the LVMPD with prejudice.

A plaintiff seeking to hold a municipal defendant liable for constitutional violations under Section 1983 cannot do so arguing respondeat superior. Instead, a plaintiff must allege that his constitutional rights were violated pursuant to the defendant's custom, practice, or policy. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91 (1978); *Shah v. Cnty. of Los Angeles*, 797 F.2d 743, 747 (9th Cir. 1986) (providing that claims for municipal liability under Section 1983 can be "based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice.") (internal citation omitted). Such a claim requires a "direct causal link between a municipal policy or custom and the alleged constitutional violation." *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1075 (9th Cir. 2016) (internal citation omitted) (en banc). An "act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the

relevant practice is so widespread as to have the force of law." *Bd. of Cnty. Com'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404 (1997) (internal citation omitted).

Plaintiff's Section 1983 claim against the LVMPD fails because he does not allege his constitutional rights were violated pursuant to any LVMPD's custom, practice or policy. Plaintiff instead alleges the LVMPD should be held liable for the Officers' failures to "preserve adequate body camera footage of the … shoot[ing]," and for Officer Garcia's failure to "issue a warning shot before … using deadly force." ECF No. 22 at 8, 18-19 (internal alterations, citation, and quotation marks omitted). Plaintiff further contends that there is a "widespread failure" among LVMPD Officers to follow "LVMPD's protocol[,] customs[,] and procedure of [preserving] body-cam footage." *Id*. at 9. However, Plaintiff's bare allegation regarding body cam footage is not linked to a constitutional violation and is, in any event, insufficient to state a claim under *Monell*. *Sternberg v. Town of Danville*, Case No. 15-cv-01878-SI, 2015 WL 9024340 at *5 (N.D. Cal. Dec. 16, 2015) (simply alleging "the existence of ... a pattern or practice" only "recites the elements of a *Monell* claim and is plainly insufficient"); *see also Baldwin v. Colley,* Case No. 15-cv-02762-KAW, 2015 WL 5836923 (N.D. Cal. Oct. 7, 2015) (granting dismissal of a *Monell* claim based on lack of body cameras and stating "[w]e can only speculate whether recording will deter bad behavior and incentivize good behavior by police and the public. The technology and its use by actual police are too new to know its true effects." It cannot be said that the failure to use body cameras constitutes deliberate indifference to constitutional rights as a matter of law.). For these reasons, Plaintiff's Second Amended Complaint (his third attempt to plead this claim) fails to state a viable Section 1983 cause of action against the LVMPD.

**B.     The Court recommends Plaintiff's misstated Eighth Amendment claims against the LVMPD Officers proceed under the Fourth Amendment**.

Plaintiff sues the LVMPD Officers in their individual capacities for money damages allegedly arising from excessive force associated with his arrest.[2] ECF No. 22 at 3-4. Courts analyze claims that law enforcement officers used excessive force in the course of an arrest under the Fourth

---

[2] Government officials do not enjoy sovereign immunity under the Eleventh Amendment as individuals when sued in their personal capacities for money damages. *Ruley v. Nev. Bd. of Prison Com'rs*, 628 F.Supp. 108, 110 (D. Nev. 1986).

4

Amendment to the United States Constitution, not under the Eighth Amendment. *Graham v. Connor*, 490 U.S. 386, 395 (1989) ("*all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest … should be analyzed under the Fourth Amendment and its 'reasonableness' standard") (emphasis in original). Therefore, liberally construed, the Court analyzes Plaintiff's Eighth Amendment claims against the Officer under the Fourth Amendment.

The Fourth Amendment guarantees a citizen's right to be free from "unreasonable searches and seizures." U.S. CONST. amend. IV. The "reasonableness" of a particular seizure, including an arrest of a person, "depends not only on *when* it is made, but also on *how* it is carried out." *Graham*, 490 U.S. at 395 (internal citations omitted) (emphasis in original). The relevant inquiry is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Id*. at 397. In determining the reasonableness of a seizure effected by force, a court must balance the "nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests at stake." *Miller v. Clark Cnty.*, 340 F.3d 959, 964 (9th Cir. 2003) (internal citation and quotation marks omitted). Courts evaluate the strength of the government's interest in using force—deadly or otherwise—by examining three nonexclusive "*Graham* factors": (1) "whether the suspect poses an immediate threat to the safety of the officers or others," (2) "the severity of the crime at issue," and (3) "whether he is actively resisting arrest or attempting to evade arrest by flight." *Glenn v. Wash. Cnty.*, 673 F.3d 864, 872 (9th Cir. 2011) (internal citation and quotation marks omitted). The "most important" factor in assessing the reasonableness of a seizure is whether the individual posed an immediate threat to the safety of the officers or others. *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010) (internal citation and quotation marks omitted) ("*Bryan*"). These factors are not exclusive. *Id*. Instead, courts "examine the totality of the circumstances and consider whatever specific factors may be appropriate in a particular case." *Id*. (internal citation and quotation marks omitted). For example, the "quantum of force" used to arrest a suspect may constitute such a relevant factor. *Luchtel v. Hagemann*, 623 F.3d 975, 980 (9th Cir. 2010) (internal quotation marks omitted).

With respect to bean bag guns specifically, the Ninth Circuit states that "[a]lthough bean bag guns are not designed to cause serious injury or death, a bean bag gun is considered a 'less-lethal'

5

weapon, as opposed to a non-lethal weapon, because the bean bags can cause serious injury or death if they hit a relatively sensitive area of the body, such as the eyes, throat, temple, or groin." *Glenn*, 673 F.3d at 871 (internal brackets and quotation marks omitted).  Given the bean bag gun's capabilities, "such force, though less than deadly, ... is permissible only when a strong governmental interest compels the employment of such force." *Id*. at 872 (internal brackets and citation omitted).

Under the totality of the circumstances, Plaintiff alleges sufficient facts to state a Fourth Amendment excessive force claim against Officer Stephen.  Plaintiff maintains he was using a bat as a "hood-prop," and that he never threatened the Officers with the bat.  ECF No. 22 at 14 (internal alterations omitted).  Plaintiff further contends he was "at least twenty to thirty feet away from both Officers at all times." *Id*. at 11 (internal alterations omitted).  In addition, Plaintiff claims he was "on the verge of a mental breakdown" at the time of arrest. *Id*. at 10 (internal alterations and quotation marks omitted).  This last allegation is important because the governmental interest in deploying even "intermediate levels of force" is diminished when an officer is confronted by an "emotionally disturbed individual." *Bryan*, 630 F.3d at 829.

The quantum of force deployed is also considered as Plaintiff alleges Officer Stephen's four bean bag rounds "paralyzed" him and "render[ed] Plaintiff's hands and arms useless."  ECF No. 22 at 11 (internal alterations omitted).  Plaintiff avers that he was "not actively resisting arrest or attempting to evade arrest … by flight" when the Officers arrived on scene, which may further undermine the government's interest in using less-lethal force. *Id*. at 25 (internal alterations omitted); *see also Glenn*, 673 F.3d at 872.  In contrast, it is true that Plaintiff provides no information about the "severity of the crime" the Officers were investigating to evaluate the strength of the government's interest in the force deployed, and Plaintiff admits that he "stepp[ed] out of his car holding a baseball bat" when LVMPD Officers arrived on the scene.  ECF No. 22 at 19.

Based on the totality of the facts alleged, the Court finds there are sufficient allegations to allow Plaintiff's Fourth Amendment claim against Officer Stephen to proceed.  That is, at this screening stage, where the Court "must accept as true the allegations, construe the allegations in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor" (*Geringer v. City of Pleasonton*, Case No. 3:18-cv-00385-RCJ-WGC, 2018 WL 6731176, at *2 (Nov. 5, 2018)

(internal citation omitted)), the Court finds Plaintiff states a plausible Fourth Amendment excessive force claim against Officer Stephen based on the contention that a reasonable officer in Officer Stephen's shoes could not have objectively perceived Plaintiff as an immediate threat to his safety or the safety of others. Thus, this claim shall proceed as stated in Plaintiff's Second Amended Complaint.

Looking now at Plaintiff's claim against Officer Garcia, when "determining whether an officer's use of force was reasonable, the court must consider the circumstances from the perspective of a [objectively] reasonable officer at the scene of the incident." *Perrin v. Gentner*, 177 F.Supp.2d 1115, 1118 (D. Nev. 2001) (internal citation omitted). With respect to deadly force, a police officer may "not shoot to kill unless, at a minimum, the suspect presents an immediate threat to the officer or others, or is fleeing and his escape will result in a serious threat of injury to persons." *Id*. at 1118-19 (internal citation omitted). Except if impracticable, an officer must issue a warning before using deadly force. *Jensen v. City of Oxnard*, 145 F.3d 1078, 1086 (9th Cir. 1998). Further, the Ninth Circuit confirms that an officer must use reasonable, non-deadly alternatives for apprehending a suspect when such an alternative is available. *Brower v. Cnty. of Inyo*, 884 F.2d 1316, 1318 (9th Cir. 1989).

Here, Plaintiff sufficiently alleges a Fourth Amendment excessive force claim against Officer Garcia. There is no allegation that Officer Garcia fired a warning shot before allegedly using deadly force or that it was impracticable for him to do so. Moreover, even if Officer Garcia fired a warning shot, he deployed deadly force that still may have been unreasonable because Plaintiff contends Officer Stephen had just shot Plaintiff four times with bean bags. ECF No. 22 at 13. It is arguable that a reasonable officer in Officer Garcia's position would no longer find Plaintiff presented an immediate threat. *Perrin*, 177 F.Supp.2d at 1118. Plaintiff's alleged distance of twenty to thirty feet from the Officers, as well as his disturbed emotional state, further diminishes the potential reasonableness of Officer Garcia's decision to fire his gun. *Hopkins v. Andaya*, 958 F.2d 881, 887 (9th Cir. 1992) (the "car length" of distance between the officer and his attacker weighed against the reasonableness of deadly force); *Bryan*, 630 F.3d at 829. In addition, there is no indication, yet, to suggest Plaintiff was evading arrest when the Officers arrived on the scene, but instead that Plaintiff

was "knocked ... onto the ground" after being shot by Officer Garcia. ECF No. 22 at 21 (internal brackets and quotation marks omitted). In sum, Plaintiff alleges sufficient facts to state a colorable Fourth Amendment excessive force claim against Officer Garcia. This claim shall proceed as pleaded in the Second Amended Complaint.

    **C.**    **The Court recommends dismissing Plaintiff's Fourteenth Amendment equal protection claims against the LVMPD Officers with prejudice**.

To state a claim for violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must aver that a defendant acted with an intent or purpose to discriminate against him based on his membership in a protected class. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). "Intentional discrimination means that a defendant acted at least in part *because* of a plaintiff's protected status." *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994) (internal citation omitted) (emphasis in original).

Liberally construed, Plaintiff identifies as a member in a protected class by alleging he is "African American" and a "black man." ECF No. 22 at 6 (internal alterations omitted). However, Plaintiff does not allege any facts to suggest that the Officers "acted with an intent or purpose to discriminate." *Barren*, 152 F.3d at 1194. Moreover, Plaintiff's conclusory allegations of official participation in civil rights violations are insufficient to state a Section 1983 claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Because Plaintiff has failed to state Fourteenth Amendment equal protection claims against the Officers for a second time, the Court recommends these claims be dismissed with prejudice.

    **D.**    **The Court recommends dismissing Plaintiff's IIED and NIED claims against the LVMPD Officers with prejudice**.

To state a claim for intentional infliction of emotional distress, a plaintiff must establish: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress, and (3) actual or proximate causation." *Dillard Dep't Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (1999) (internal citation and quotation marks omitted). "A claim for negligent infliction of emotional distress for harm inflicted directly upon the plaintiff is only available where the plaintiff has asserted

a negligence claim that includes emotional distress as an element of the damages suffered." *Ferm v. McCarty*, Case No. 2:12-cv-00782-RFB-PAL, 2014 WL 6983234, at *7 (D. Nev. Dec. 9, 2014) (internal citation omitted). "Both intentional and negligent infliction of emotional distress claims requi[r]e allegations of severe emotional distress." *Amie v. Kraft-Sussman Funeral Serv., Inc.*, Case No. 2:18-cv-02131-GMN-VCF, 2018 WL 6272889, at *2 (D. Nev. Nov. 30, 2018) (internal citations omitted).

While *pro se* litigants are entitled to a liberal construction of their pleadings, the Court "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Here, Plaintiff's Second Amended Complaint fails to plead sufficient facts to support either an IIED or NIED claim. For example, even if the Court were to consider the Officers' deployment of force as extreme or outrageous conduct, Plaintiff fails to allege that he suffered any severe or emotional distress as a result of said conduct. Because Plaintiff does not allege severe emotional distress, his IIED and NIED claims fail. *Dillard*, 989 P.2d at 886 (a plaintiff must allege that he "suffered severe or extreme emotional distress" to state an IIED claim); *Amie*, 2018 WL 6272889, at *2.

As this is Plaintiff's third time filing his complaint (*see, e.g.*, ECF Nos. 1-1, 18, 22) the Court recommends exercising its discretion to prohibit the filing of a fourth attempt to plead claims. *Van Damme v. JP Morgan Chase Bank, Inc. N.A.*, Case No. 2:15-cv-1951-GMN-PAL, 2018 WL 1512599, at *6 (D. Nev. Mar. 26, 2018) (denying a plaintiff leave to file a fourth amendment complaint as futile and against the interests of justice where the plaintiff failed to properly state a claim in his complaint despite three prior attempts). Continued amendment may impact claims Plaintiff has successfully stated in his present Second Amended Complaint; if Plaintiff prevails on his Section 1983 claims he may be entitled to compensatory damages; and, continued amendments will delay this proceeding in violation of Rule 1 of the Rules of Civil Procedure.

**IV.     ORDER**

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Fourth Amendment excessive force claims against LVMPD Officers Stephen and Garcia shall proceed as stated in his Second Amended Complaint.

IT IS FURTHER ORDERED that the Clerk of the Court shall electronically serve a copy of this Order and Report and Recommendation and a copy of Plaintiff's Second Amended Complaint (ECF No. 22) on the Office of the Attorney General of the State of Nevada by adding the Attorney General to the docket sheet. This does not indicate acceptance of service.

IT IS FURTHER ORDERED that the Attorney General must advise the Court within **twenty-one (21) court days** of the date of this Order and Report and Recommendation whether he will enter a limited notice of appearance on behalf of Defendants Stephen and Garcia. No defenses or objections, including lack of service, will be waived as a result of the filing of the limited notice of appearance. For any Defendant for whom he does not accept service, the Attorney General must file his last known address under seal, but not serve the same on, the inmate Plaintiff. If the last known address is a post office box, the Attorney General must attempt to obtain and provide the last known address.

IT IS FURTHER ORDERED that if service cannot be accepted for any named Defendant, Plaintiff must file a motion identifying the unserved defendant(s), request issuance of a summons, and provide the full name and address for those Defendants for whom the Attorney General has not provided a last known address under seal.

IT IS FURTHER ORDERED that if the Attorney General accepts service for any named Defendants, they must file and serve an answer or other response within **sixty (60) court days** of the date of this Order and Report and Recommendation.

**V.     RECOMMENDATIONS**

IT IS HEREBY RECOMMENDED that Plaintiff's Section 1983 claim against the Las Vegas Metropolitan Police Department, Eighth Amendment cruel and unusual punishment, and Fourteenth Amendment equal protection against Officers Stephen and Garcia be DISMISSED with prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's state law intentional infliction of emotional distress, and negligent infliction of emotional distress claims be DISMISSED without prejudice, but without leave to amend.

DATED THIS 3rd day of March, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).