UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHARD L. MITCHELL,<br><br>  Plaintiff,<br><br>  v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>  Defendants. | Case No.: 2:18-cv-00646-RFB-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion to Compel Las Vegas Metropolitan Police Department ("Metro") to produce personnel files of two officers who were named in Plaintiff's lawsuit, only one of whom was served. ECF No. 60. Plaintiff made his original request by writing to Metro's Records Department, which responded by referring Plaintiff to Metro's counsel and to case law regarding the confidentiality of public records and Freedom of Information Act requests.

Counsel for Metro has now also filed a response to Plaintiff's Motion explaining that Plaintiff should have reached out to Metro's counsel to request the records of the one officer who has been served (Garcia). ECF No. 61. The Court agrees. Counsel for Garcia also states that because Plaintiff has only recently requested the information, Garcia "still has time to respond to this discovery request and Court need not intervene." ECF No. 61 at 2. Metro does not state whether it intends to provide any records to Plaintiff.

The Court has no way knowing whether, as of this date, the parties resolved their differences. The Court does not know if Metro intends to produce any personnel records pertaining to Sergeant Garcia. Of course, Plaintiff is forewarned that Federal Rule of Civil Procedure 26(b)(1) provides that Plaintiff may only obtain discovery "regarding any nonprivileged matter than is relevant to any party's claim or defense and proportional to the needs of the case[.]" On this basis, the Court finds Plaintiff's request for Officer Stephens' personnel records is denied as Stephens has not been served in this action rendering his personnel records neither relevant nor proportional to the needs of the

case. The same is not necessarily true as to Garcia; however, the entirety of Garcia's personnel records are unlikely to be appropriately produced.

In addition to the above, Plaintiff's Motion asks the Court to reconsider the last denial of appointment of counsel. "A motion for reconsideration is not an avenue to relitigate the same issues and arguments upon which the court already has ruled." *Petrarca*, 2016 WL 884638, at *1 (internal quotation marks omitted) (quoting *In re AgriBioTech, Inc.*, 319 B.R. 207, 209 (D. Nev. 2004)). Motions for reconsideration "should not be granted, absent highly unusual circumstances." *Moraga v. Wolfson*, Case No. 2:16-cv-287-JCM (VCF), 2019 WL 11707396, at *1 (D. Nev. Oct. 10, 2019) *citing Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id. citing School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Plaintiff has presented no new information, identified no error or intervening change in the law, and establishes no manifest injustice. Therefore, his Motion for Reconsideration is denied.

Accordingly, IT IS HEREBY ORDERED the Motion to Compel (ECF No. 60) is DENIED. Plaintiff is not entitled to Sergeant Stephens' personnel records.

IT IS FURTHER ORDERED whether any personnel pertaining to Sergeant Garcia should be produced must be addressed through a meet and confer by the parties. If the parties are not able to resolve their differences, the Las Vegas Metropolitan Police Department shall submit an update to the Court summarizing the parties' relative positions for the Court's review

IT IS FURTHER ORDERED that Plaintiff's Motion for Reconsideration of the denial of appointment of counsel is DENIED.

DATED this 7 day of February, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

2