UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHARD L. MITCHELL,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>　　　　Defendants. | Case No. 2:18-cv-00646-RFB-EJY<br><br>**ORDER** |

　　　　Pending before the Court are Plaintiff's Request to Prevent Harassment and Motion for Appointment of Counsel. ECF Nos. 91 and 92. The Court has considered Plaintiff's filing and Defendant's Responses (ECF Nos. 94 and 95). No timely Reply was filed.

　　　　Plaintiff's request regarding alleged harassment appears to contend that counsel for Defendant is communicating with Southern Desert Correctional Center ("SDCC") officials in a manner that fabricates issues to be presented to the Court. Defendant's declaration demonstrates Plaintiff's contentions lack merit. Specially, defense counsel explains that following the Court's Order permitting Plaintiff's deposition, Counsel for Defendant contacted SDCC to coordinate the deposition and ensure there was a room, technology, and sufficient time to complete the deposition. ECF No. 94 at 3.[1] On the date set for the deposition, Plaintiff failed to appear. *Id*. The paralegal for the Assistant Attorney General then contacted SDCC by email to determine why Plaintiff failed to appear. *Id*. After a several days, Plaintiff filed a Motion for Enlargement of Time because he was placed in administrative segregation. *Id*. Defense counsel's paralegal then followed up with SDCC and learned from the institution that Plaintiff claimed he was exempt from the deposition and that the deposition was incorrectly scheduled. *Id*. at 3-4. These communications between SDCC and the Attorney General's Office, as stated in counsel's declaration under penalty of perjury, do not constitute harassment and require no action by the Court.

---

[1]　　ECF Nos. 94 and 95 are identical. The Court cites to ECF No. 94 herein only.

1

Plaintiff's request for appointment of counsel is supported by a variety of reasons contained in Plaintiff's moving papers. ECF No. 92. Plaintiff states (1) the merits of his claim implicate constitutional rights, (2) he is likely to succeed on the merits of his claim, (3) Plaintiff and his legal assistants cannot investigate his claim as an attorney would, (4) the issues are complex and neither he nor his legal assistants have limited ability to litigate Plaintiff's claims, (5) an attorney will be better able to present the issues in Plaintiff's case to the Court as well as to Defendant, (6) Plaintiff has tried to obtain counsel but cannot afford one, (7) an attorney could advise him whether to sign any form of consent he is presented, (8) Plaintiff has limited access to the law library, and (9) the ends of justice would be served by appointment of counsel. *Id*.

As a general proposition, a civil litigant has no right to counsel. *Lassiter v. Department of Social Services of Durham County*, 452 U.S. 18 (1981); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). A court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

The Court finds that despite Plaintiff's well stated contentions in support of appointment of counsel, this case does not meet the exceptional circumstance standard to which the Court is bound. The lack of adequate legal knowledge, even assuming a case is legally complex, is not an exceptional circumstance "in light of the legal competence of most prisoners in similar situations." *Zamaro v. Moonga*, 656 F. App'x 297, 299 (9th Cir. 2016). And, "the Constitution does not require the elimination of all economic, intellectual, and technological barriers to litigation." *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989). While Plaintiff's *in forma pauperis* status establishes that he is unable to pay for counsel (*West v. Brickman*, Case No. 07 Civ. 7260(PKC)(DF), 2008 WL 3303773, *1 (S.D.N.Y. Aug. 6, 2008), neither this fact nor his desire to ensure justice is best served meet the exceptional circumstances test. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). Plaintiff's inability to afford counsel despite efforts to retain an attorney "does not rise to the standard

of exceptional circumstances." *Garcia v. Las Vegas Metro. Police Dep't*, Case No. 2:17-cv-02504-APG-BNW, 2020 WL 3404730, at *3 (D. Nev. June 19, 2020). Plaintiff claims that he has limited knowledge of the law and ability to present his case. However, Plaintiff's involvement in this and at least one other case he filed in this Court demonstrate his ability to research legal concepts and articulate a cohesive claim. *Perez v. Nash*, Case No. 21-cv-00075-RFB-VCF; *see also Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990) (finding that prisoner litigants' lack of a legal education does not constitute exceptional circumstances). Finally, Plaintiff's Fourth Amendment claim will require he demonstrate that Defendant's use of a gun, after Plaintiff allegedly refused to put down a bat, was shot with bean bag rounds, smashed a convenience store window, and entered the store and refused to leave, was an excessive use of force. The Court is not in a position to presage the outcome of Plaintiff's claims, but finds the likelihood of success on an excessive force claim to be relatively low.

Based on the foregoing, the Court finds Plaintiff has not established exceptional circumstances warranting appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Request to Prevent Harassment and Motion for Appointment of Counsel (ECF Nos. 91 and 92) are DENIED.

DATED this 6th day of July, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE