UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHARD L. MITCHELL, | Case No. 2:18-cv-00646-RFB-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion for Reconsideration. ECF No. 174. Through his Motion Plaintiff appears to seek reconsideration of the following Court Orders:

- ECF No. 165: Denying without prejudice Plaintiff's Motion to be Exempt from Duty to Disclose Discovery (ECF No. 162). The Court found that if Requests for Production of Documents were properly propounded on Plaintiff, he was not exempt from responding to the same.

- ECF No. 168: Denying Plaintiff's Motion to Proceed Inquisition Before Jury (ECF No. 163). The Court found Plaintiff's case will proceed before a jury, the well pleaded complaint rule did not apply to the issues Plaintiff raised, and judicial notice does not apply to the disputed claims before the Court.

- ECF No. 171: The Court granted Defendants' Motion for Clarification (ECF No. 165), but found the issue raised on which clarification was sought had not been briefed through motion practice and, therefore, no relief was granted.[1]

Well settled law establishes that motions for reconsideration are "not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005); *see also Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988); *Motorola, Inc. v. J.B. Rodgers Mech.*

---

[1] Plaintiff's Motion for Reconsideration also references ECF Nos. 166 and 167. However, these are not Orders entered by the Court.

1

*Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003) ("reconsideration [is not] to be used to ask the Court to rethink what it has already thought"). United States District Court for the District of Nevada Local Rule 59-1(a) makes clear that motions for reconsideration are disfavored. Local Rule 59-1(b) states: "Motions for reconsideration are disfavored. A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts." The Rule goes on to explain that to obtain relief by way of reconsideration, the party seeking such relief must demonstrate "(1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id*.

Plaintiff's Motion identifies no new evidence and no intervening change in controlling law that warrants reconsideration of the Court's prior rulings. Nonetheless, it appears Plaintiff is complaining that he did not receive a copy of the Court's Order at ECF No. 165 or Defendants' Motion for Clarification at ECF No. 167. Plaintiff also appears to argue that the denial of his Motion to be Exempt from Duty to Disclose Discovery (ECF No. 162) is appealable.

Plaintiff is currently housed at Three Lakes Valley Conservation Camp. The Court recently learned that Three Lakes does not have a law library capable of delivering to Plaintiff copies of documents electronically filed on the Court's docket. Thus, the Court entered an Order (ECF No. 173) granting Plaintiff's Motion regarding his failure to receive previously filed documents such that (1) Defendants must serve Plaintiff by mail with all of their future filings, and (2) the Clerk of Court is required to mail Plaintiff all future Court Orders. The Court further ordered the Clerk of Court to mail ECF Nos. 165, 168, and 171 to Plaintiff's current address. However, as stated above, the Court's Order at ECF No. 171 was favorable to Plaintiff—that is, the Court found no basis to grant the relief Defendants sought. With respect to ECF Nos. 165 and 168, if Plaintiff believes he has a basis to object or appeal he may do so; albeit, appeals are limited to "final decisions of the district courts of the United States …." 28 U.S.C. § 1291. Thus, the Court finds neither the decisions reached in ECF No. 165 nor ECF No. 168 are likely to be appealable.

      Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration (ECF No. 174) is DENIED without prejudice as there is no basis for the Court to reconsider any of its prior rulings.

      IT IS FURTHER ORDERED that, if he chooses to do so, Plaintiff is granted through and including **May 8, 2024** to file objections to the Court's Orders at ECF No. 165, 168, and 171.

      DATED this 23rd day of April, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE